IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEFFREY ELMORE                                                                                        PLAINTIFF
ADC # 091418

v.                                            4:25CV00195-BSM-JTK

DEXTER PAYNE, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    INTRODUCTION**

Jeffrey Elmore ("Plaintiff") is in custody at the Barbara Ester Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 2).

Although Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), Plaintiff's IFP Motion (Doc. No. 1) should be denied because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as set out below, has not established imminent danger.

**II.     SCREENING**

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued ADC Director Dexter Payne, Deputy Directors William Straughn and Rory Griffin, and Grievance Director Gaylon Lay. (Doc. No. 2). Plaintiff complains that the prison grievance procedure is broken. (Id. at 4). According to Plaintiff, he is in imminent danger because he is prevented from exhausting his claims, which in turn precludes from pursuing those claims in court. (Id. at 4-5). Even accepting Plaintiff's allegation as true, denial of the grievance procedure does not equate to Plaintiff being in imminent danger. Plaintiff may file suit and plead that the grievance procedure was not available to him. If the court agrees that the grievance procedure was unavailable, Plaintiff may proceed with his claims regardless of a failure to exhaust. Ross v. Blake,

---

[2] Elmore v. Plummer, et al, 4:24cv00882-BRW (E.D. Ark.) (dismissed on Nov. 14, 2024 for failure to state a claim on which relief may be granted) (appeal filed November 27, 2024); Elmore v. King, et al., 4:24cv00354-BRW (E.D. Ark.) (dismissed on June 20, 2024 for failure to state a claim on which relief may be granted) (appeal dismissed for lack of jurisdiction on October 9, 2024); Elmore v. Does, et al., 4:24cv00263-BSM (E.D. Ark.) (dismissed on June 3, 2024 for failure to state a claim on which relief may be granted) (appeal filed September 27, 2024); and Elmore v. Bass, et al., 4:24-cv-00110-LPR (E.D. Ark.) (dismissed on Oct. 30, 2024 for failure to state a claim on which relief may be granted) (no appeal filed).

578 U.S. 632, 642, 136 S. Ct. 1850, 1858, 195 L. Ed. 2d 117 (2016) ("Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.").

Even the most liberal reading of Plaintiff's Complaint does not indicate that he is currently in imminent danger of serious physical injury. As a result, Plaintiff is not entitled to the imminent danger exception. Accordingly, this case should be dismissed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice.

2. Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. No. 1) be DENIED as moot.

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 7th day of March, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE